**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CASE NO. 2:21-cv-00096-WOB-CJS**

JASON AND KAREN OSWALD, AS PARENTS, GUARDIANS            PLAINTIFFS
AND NEXT OF FRIEND OF J.O. AND W.O

ELIZABETH AND JIM SANDFOSS, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF M.S. AND W.S.

JESSICA FISCHER AND MIKE DICKHAUS, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF J.D, E.D. AND C.D.

JESSICA AND BRIAN BOYERS, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF B.B. AND A.B.

DR. JESSICA AND CRAIG TWEHUES, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF, B.T., S.T. AND B.T.

JULIANNA AND GREG WORKS, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF R.W. AND F.W.

REBECCA AND CHAD STIDHAM, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF C.S., C.S. AND C.S.

MARIA AND ERIC LAWRENCE AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF C.L, C.L. AND A.L.

ROB AND SHERRY KELLER AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF A.K. AND R.K.

KIMBERLY AND BRIAN LUCAS AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF C.L., C.L. AND W.L.

CAITLIN AND BRANDON VOELKER AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF A.V. AND R.V.

JENNIFER AND DOUG CLARK, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF L.C., M.C. AND N.C.

TAMMY AND ANDREW NOYES, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF H.N., E.N. AND E.N.

NATALIE HOWARD RAMIREZ, AS PARENTS, GUARDIAN
AND NEXT OF FRIEND OF D.R.

**DAVE AND KAREN CARR, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF L.C., J.C. AND H.C.**

**KEVIN AND MOLLY SCHAPPELL, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF W.S. AND L.S.**

**DANIELLE AND CHRIS PIPES, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF H.P. AND L.P.**

**SUSAN AND HANK HEITKER, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF H.H., O.H., H.H. and R.H.**

**ANDREW AND ASHLEY FUTSCHER, AS PARENTS, GUARDIAN
AND NEXT OF FRIEND OF M.F.**

**CHRIS AND LAURA SPEIER, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF M.S. AND C.S.**

**LINDSEY AND MATT ARCHER, AS PARENTS, GUARDIANS
AND NEXT OF FRIEND OF C.A., J.A. AND I.A.**

**ALEXANDRA AND FRED MACKE III, AS PARENTS, GUARIANS
AND NEXT OF FRIEND OF E.M. AND F.M.
V.**

**GOVERNOR ANDREW BESHEAR                         DEFENDANT
    In His Official and Individual Capacities**

---

**PLAINTIFF'S VERIFIED AMENDED COMPLAINT FOR DECLARATORY RELIEF,
INJUNCTIVE RELIEF, AND DAMAGES**

---

Comes now the Plaintiffs, Jason and Karen Oswald, Elizabeth and Jim Sandfoss, Jessica Fischer and Mike Dickhaus, Jessica and Brian Boyers, Jessica and Craig Twehues, Julianna and Greg Works, Rebecca and Chad Stidham, Maria and Eric Lawrence, Rob and Sherry Keller, Kimberly and Brian Lucas, Caitlin and Brandon Voelker, Jennifer and Doug Clark, Tammy Andrew Noyes, Natalie Howard Ramirez, Dave and Karen Carr, Kevin and Molly Schappell, Danielle and Chris Pipes, Susan and Hank Heitker, Andrew and Ashley Futscher, Chris and

Laura Speier, Lindsey and Matt Archer, and Alexandra and Fred Macke III, as parents, guardians and next of kin of their Respective Children and for their Verified Amended Complaint for Declaratory Relief, Injunctive Relief and for Damages state as follows:

1. The Plaintiffs are the parents, guardians and next of kin of the following children. The Plaintiff's are residents of the Commonwealth of Kentucky.

2. The Defendant, Governor Andrew Beshear, is the elected Governor of the Commonwealth of Kentucky. Defendant is sued in both his Official and Individual capacities.

3. Plaintiffs filed this matter in the Commonwealth of Kentucky, Campbell Circuit Court, but Defendant removed this matter, presumably based on the claims based upon the First Amendment of the United States Constitution.

4. Based on the Defendant's removal, Plaintiffs Amend their Complaint as a matter of right pursuant to CR 15. Furthermore, subject matter exists pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 28 U.S.C. §§2201 and 2202, and other applicable law.

5. Venue in this District and division is proper pursuant to 28 U.S.C. §1391 and other applicable law, because much of the deprivations of Plaintiffs' Constitutional Rights occurred in counties within this District and division, within Kentucky, and future deprivations of their Constitutional Rights are threatened and likely to occur in this District.

6. The Plaintiffs' children are enrolled at St. Joseph Elementary School, Cold Spring, Campbell County, Kentucky, a faith based parochial school, part of the Diocese of Covington. Plaintiffs' children's religious focused school day consist in part of a morning prayer, attending religion class and school mass.

7. During the 2020-2021 school year, the Plaintiffs children were unilaterally removed from their faith-based school, with the practice of religion and expression as guaranteed by the Constitutions of the United States and the Commonwealth of Kentucky. The Defendant's actions are set forth in Executive Order 2020-969, which is attached hereto as Exhibit A. This unilateral closing of the Plaintiffs' children school was identical to the Defendant's prohibition of faith based gatherings, subsequently enjoined in *Roberts v. Neace,* 958 F.3d 409 (6th Cir. 2020).

8. Despite the *Roberts* holding, the Executive Order 2020-969 was issued November 18, 2020, stripping the Plaintiffs' children of their religious based schooling. The Defendant's order was contrary to Sixth Circuit's Opinion October 19, 2020, reconfirming that infringement on religious gatherings is prohibited. *Maryville Baptist Church, Inc. v. Beshear,* 977 F.3d 561 (6th Cir. 2020).

9. Executive Orders beginning July 9, 2020, with Executive Order 2020-586, began successive Executive Orders requiring face mask on persons, including the Plaintiffs minor children while attending schools. Executive Order 2020-586 is attached hereto as Exhibit B.

10. In January 2021, the General Assembly met and began discussion of many bills regarding the executive authority of the Governor, including Senate Bill 1, a copy of which is attached hereto as Exhibit C, which amended KRS 39A.

11. The Defendant's refusal to comply with applicable Federal and State law, including Federal Court decisions, led to the General Assembly taking action reign in the unlawful actions of the Defendant.

12. Senate Bill 1 was vetoed by the Governor, with said veto overridden by the General Assembly, thus becoming law.

13. Furthermore, House Joint Resolution 77 was passed, vetoed and veto overridden, declaring the end of the Defendant's State of Emergency June 29, 2021, and prohibiting further declarations of emergency based on the same or substantially similar facts, COVID-19. A copy of House Joint Resolution is attached hereto as Exhibit D.

14. Senate Bill 1 amended KRS 39A.090(2)(a)(1)(a), to prohibit the placing of restrictions on "elementary, secondary and post-secondary institutions."

15. Senate Bill 1 amended KRS 39A.090(3), in a manner identical to House Joint Resolution 77 prohibition of further acts for "same or substantially similar facts and circumstances," to provide:

> (3) Upon the expiration of an executive order or other directive described in subsection (2)(a) of this section declaring an emergency or other implementation of powers under this chapter, the Governor shall not declare a new emergency or continue to implement any of the powers enumerated in this chapter based upon the same or substantially similar facts and circumstances as the original declaration or implementation without the prior approval of the General Assembly

16. Defendant, contrary to these enactments, did not cease his enactments of Executive Orders, but instead continued further enactments, coupled with enforcement.

17. The Boone Circuit Court, confronted with the legality of the enactments, in case number 20-CI-678, found the SB1 and the other enactments constitutional and enjoined the Defendant from further attempts of non-compliance. A copy of the Boone Circuit Order is attached hereto as Exhibit E.

18. Defendant sought emergency relief from the Boone Circuit Court Order in both the Kentucky Court of Appeals and Supreme Court, with both requests being denied.

19. While enjoined by the Boone Circuit Court and not obtaining emergency relief from our higher courts, the Defendant nonetheless on August 10, 2021, issued Executive Order

2021-585, requiring masks in all schools in the Commonwealth, including the religiously protected parochial school Plaintiffs' children attend.

20.     The duly elected Kentucky Attorney General, Daniel Cameron has opined that Executive Order 2021-585 is unlawful.  https://kentucky.gov/Pages/Activity-stream.aspx?n=AttorneyGeneral&prId=1102

21.     On July 27, 2021, presumably acting pursuant to the aforementioned laws, the Diocese had advised the Plaintiffs of its re-opening plans, including that mask will be optional for staff and students.  A copy of the Diocese re-opening plan is attached hereto as Exhibit F.

22.     On August 10, 2021, upon receipt of the Defendant's Executive Order 2021-585, the Diocese sent out a new email, advising that the Defendant was now requiring masks in the Plaintiffs' children's school, while the Diocese guidance regarding masks continued to be optional for staff and students.  A copy of the email, attachments, including the Governor's Executive Order 2021-585, letter from Diocese Superintendent McGuire, and the Return to School Requirements are attached hereto as Exhibit G.

23.     While the Diocese plan and guidance have not changed, the Defendant, under threat of prosecution has ordered the Diocese to comply.  The Defendant's enforcement actions have been well chronicled, especially regarding the party in the Boone Circuit Court Case, "Beans Café and Bakery."

24.     The Plaintiffs' each witnessed their children struggle academically as a result of the restrictions placed by the Defendant during the prior school year.  Furthermore, the loss of both school and religion, during November-December 2020, damaged Plaintiffs' children.

25.     Seeking to ask the Diocese to continue with the publish re-opening plan, many of the Plaintiffs contacted their principal and priest regarding the Defendant's actions and were

advised that while they did not agree, they did not believe they could violate an Executive Order from the Governor.

26. The Defendant's actions have pitted the Plaintiffs and their church regarding respect of faith versus respect of law. The principles are founded in both the United States and Kentucky Constitutions.

27. Many of the Plaintiffs' children have experienced emotional breakdowns regarding the requirement of wearing masks. August 12, 2021 was the first day of school for many and as a result of the Defendant's actions, many children were disciplined regarding their masks and inability to wear throughout the day. Furthermore, Plaintiff's children religious activity is being infringed upon.

28. Many of the Plaintiffs' aptitude test scores have not progressed as estimated due to the material changes in learning environment imposed by the Defendant, which absent an Order of this Court will continue to the harm and detriment of Plaintiffs' children.

29. The actions of the Defendant while contrary to law, have also taken away the Plaintiffs' parental control and decision making over their children, the right to which the Diocese granted in the return to school plan.

30. The Defendant's mask mandate is a blanket mandate applying to all people in such schools and preschools, including applying fully to the Plaintiffs herein, it contains secular exceptions, but no exceptions for religion, religious practices or religious schools. Said mandate is contrary to KRS 446.350, Kentucky's Religious Freedom Restoration Act.

31. The actions of the Defendant are in complete disregard of law and the separation of powers. The Commonwealth has three branches of government, not one. The Legislature, as

opined by the Boone Circuit court, legally passed certain laws. The Governor, in the Court has been denied relief, yet defies a legal injunction.

32. The Defendant, utilizing the bully pulpit of the Governorship, directs Plaintiffs' church to act, against the Plaintiffs' children.

33. Plaintiffs bring this action for a Declaratory Relief that the Defendant's Executive Order 2021-585, cannot be enforced upon Plaintiffs' children in their private parochial school. That the Defendant's actions are in violation of KRS 39A, KRS 446.350, as well as House Joint Resolution 77.

34.. Absent an immediate Order of this Court, the Plaintiffs' children will suffer further immediate and irreparable harm.

35. The Plaintiffs further bring this action for an immediate injunction, in light of the protections under Federal Law and holding, as well as applicable state law, as enjoined by the Boone Circuit Court's issuance of an applicable injunction. The Defendant's actions indicate Defendant does not believe any applicable law or holding applies to his actions.

36. KRS 418.040 provides for the obtainment of a Declaration of Rights.

37. KRS 418.045 provides that Plaintiffs' may obtain a Declaration of Rights regarding their rights being infringed upon by governmental action.

38. While KRS 418 is a state law, the Defendant removed this matter and pursuant to 28 U.S.C. §1367, Plaintiffs ask this Court to exercise supplemental jurisdiction regarding the violation of applicable Kentucky law as set forth herein.

39. Defendant's Executive Order 2021-585 is infringing upon Plaintiffs' right, as provided for by the United States Constitution's First Amendment, Section 5 of the Kentucky Constitution, KRS 39A, KRS 446.350, and House Joint Resolution 77.

Wherefore, Plaintiffs, as parents, guardians, and next of friend of their children demand as follows:

1. That this Court issue a declaration that the challenged orders are unconstitutional;

2. That this Court issue an Order that the Defendant's actions are contrary to KRS 39A, KRS 446.350 and/or House Joint Resolution 77;

3. That this Court issue an Order that the Defendant's Executive Order 2021-585 is not binding upon the Plaintiffs' school;

4. That this Court issue an injunction against enforcement of Executive Order 2021-585 against private religious schools;

5. That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988;

6. That the Plaintiffs be awarded reasonable compensatory and punitive damages against the individual capacity Defendant;

7. For any all and relief for which Plaintiffs appear entitled.

Respectfully Submitted,

/s/Brandon N. Voelker
Brandon N. Voelker
Gatlin Voelker PLLC
50 East Rivercenter, Suite 1275
Covington, Kentucky 41011
bvoelker@gatlinvoelker.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon counsel of record, by filing same with this Court via the CM/ECF system, which will provide notice of same to all parties, this 19th day of August, 2021.

/s/Brandon N. Voelker
Brandon N. Voelker

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Jason Oswald, as parent, guardian and next of friend of J.O. and W.O., declare under penalty of perjury that I have read the foregoing Verified Amended Complaint, that I am competent to testify in this matter, that the facts contained therein are true and correct, and are based information personally known and observed by me.

*Jason Oswald*   8/18/21

Executed: August 18, 2021