IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:21-CV-96 (WOB-CJS)**

**JASON OSWALD, ET AL.**                                                      **PLAINTIFFS**

**V.**

**GOVERNOR ANDREW BESHEAR**                                          **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a lawsuit filed by Jason Oswald and other parents, guardians, and next of kin on behalf of their children ("Plaintiffs") against Governor Andrew Beshear ("Defendant"), in his individual and official capacities. Plaintiffs allege violations of the U.S. and Kentucky Constitutions stemming from executive orders that closed and mandated mask wearing in schools. (Doc. 1-2). This matter is before the Court on Defendant's Motion to Dismiss. (Doc. 22).

The Court has carefully reviewed this matter and concludes that oral argument is unnecessary. The issues being ripe, the Court issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*

On November 18, 2020, Defendant issued Executive Order 2020-969 which required all schools, both public and private, to close for in-person instruction. (Doc. 9-1). The executive order expired on January 4, 2021, and schools reopened for in-person

1

instruction shortly thereafter. (*Id.*). The Supreme Court of Kentucky had previously held in November 2020 that Governor Beshear's issuance of executive orders throughout the COVID-19 pandemic was a lawful exercise of power under the then-existing version KRS Chapter 39A and did not violate separation of powers principles. *Beshear v. Acree*, 615 S.W.3d 780, 805 (Ky. 2020).

In January 2021, during its Regular Session, the Kentucky General Assembly passed bills that limited the Governor's executive powers under KRS Chapter 39A. Senate Bill 1 prohibited any executive order, administrative regulation, or other directive that restricted in-person activities, including schools, from lasting longer than thirty days unless the General Assembly passed an extension. (Doc. 9-3). Although the Governor vetoed the bill, the General Assembly overrode the veto on February 2, 2021.

Immediately after, the Governor sued in Franklin County Circuit Court alleging the bill violated the Kentucky Constitution. The circuit court granted a state-wide temporary restraining order and injunction. (Doc. 14-2). The General Assembly again tried to limit the Governor's executive power by passing House Joint Resolution 77, which declared an end to the state of emergency. (Doc. 9-4). The Franklin County Circuit Court amended its injunction to bar implementation of HJR 77 as well. (Doc. 14-4).

Subsequently, on August 10, 2021, the Governor issued Executive Order 2021-585. (Doc. 9 at 5-6). The order required all Kentucky children to wear a mask while in school. (*Id.*). Plaintiffs' children began school on August 12, 2021, meaning the mandate was in effect for the first day of school. (*Id.* at 7). Plaintiffs filed this action in Campbell County Circuit Court on August 13, 2021, and Defendant properly removed to this Court on August 15, 2021. (Doc. 1-1). This Court issued a temporary restraining order on August 19, 2021, prohibiting enforcement of the mask mandate as an unlawful exercise of the Governor's power. (Doc. 11).[1]

Two days later, on August 21, 2021, the Kentucky Supreme Court dissolved the Franklin County Circuit Court's preliminary injunction and concluded that the court had abused its discretion in granting the order. *Cameron v. Beshear*, 628 S.W.3d 61 (Ky. 2021). That court effectively held that the legislature's bills limiting the Governor's power were lawful and could go into effect. Following the decision, the Governor rescinded the executive order mandating mask wearing in schools. (Doc. 22-1 at 7).

In their Amended Complaint, Plaintiffs seek declaratory and injunctive relief, as well as compensatory and punitive damages

---

[1] The Defendants subsequently filed an Emergency Motion to Dissolve the TRO on August 20, 2021. (Doc. 14). This Court ultimately denied the Motion as moot on October 1, 2021. (Doc. 27).

3

against Governor Beshear in his individual and official capacities. (Doc. 9 at 9). Defendant seeks dismissal of all claims based on lack of subject matter jurisdiction and failure to state a claim. (Doc. 22).

## *ANALYSIS*

### A. Mootness

Defendant moves for dismissal based on lack of subject matter jurisdiction, arguing that this case is moot. FED. R. CIV. PRO. 12(b)(1). Federal courts' jurisdiction extends only to "actual cases and controversies." *Garland v. Orlans, PC*, 999 F.3d 432, 436 (6th Cir. 2021). "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001). Mootness generally depends on "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc).

Plaintiffs' claims for monetary damages cannot be dismissed as moot. Damages are "retrospective in nature—they compensate for past harm." *Ermold v. Davis*, 855 F.3d 715, 719 (6th Cir. 2017). The Supreme Court has also recently clarified that even if the damages are nominal, they still satisfy "the redressability element of standing where a plaintiff's claim is based on a

4

completed violation of a legal right." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801–02 (2021). Because Plaintiffs seek monetary damages for injuries sustained while the executive orders were in effect, their claims satisfy the injury requirement and cannot be moot as they relate to this form of relief sought. *See, e.g.*, *Pleasant View Baptist Church v. Beshear*, No.: 2:20-cv-166, 2021 WL 4496386, at *5 (E.D. Ky. Sept. 30, 2021) (finding that a request for compensatory damages could not be dismissed as moot).

However, Plaintiffs' claims for declaratory and injunctive relief are moot. The Kentucky Supreme Court has held that Governor Beshear is prohibited from issuing new COVID-related executive orders. *Cameron v. Beshear*, 628 S.W.3d 61 (Ky. 2021). This Court wrote of the decision in another matter: "Even if Governor Beshear wanted to invoke another mass gathering ban that effectively shut down in-person worship, or issue another travel ban, the measures taken by the General Assembly prevent him from lawfully doing so." *Roberts v. Beshear*, 2021 WL 3827128, at *4 (E.D. Ky. Aug. 26, 2021); *see also Pleasant View Baptist Church*, 2021 WL 4496386 at *6 (E.D. Ky. Sept. 30, 2021) (explaining that the complained of executive order was not capable of repetition because the Governor does not have the authority to issue new orders).

### B. Immunity

Although the damages claims survive the mootness inquiry, the Governor, in his official capacity, cannot be held liable for

5

damages under the Eleventh Amendment. *See Edelman v. Jordan,* 415 U.S. 651, 677 (1974).

Governor Beshear, in his individual capacity, is also entitled to qualified immunity from damages claims. Qualified immunity protects government officials from lawsuits filed against them in their individual capacity unless they violated clearly established statutory or constitutional rights. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). The unconstitutionality of a given action must be "beyond debate" when the official acted, so much so that any reasonable person would know they violated a right. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "When the qualified immunity defense is raised at the pleading stage, the court must determine only whether the complaint adequately alleges the commission of an act that violated clearly established law." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011).

Here, Plaintiffs first allege that the Governor violated their constitutional rights by closing schools in November 2020, but the Sixth Circuit has clearly held otherwise. As it related to school closures, the Sixth Circuit held it was "not in a position to second-guess the Governor's determination regarding the health and safety of the Commonwealth at [that] point in time." *Ky. ex rel. Danville Christian Acad., Inc. v. Beshear*, 981 F.3d

505, 510 (6th Cir. 2020). Therefore, the Governor did not violate clearly established law by issuing Executive Order 2020-969.

Plaintiffs further allege that the Governor violated their constitutional rights by issuing Executive Order 2021-585 mandating masks in schools after the General Assembly had limited his power to do so in 2021. But until the Kentucky Supreme Court issued its ruling in *Cameron v. Beshear* as to the constitutionality of the state laws, the law was unsettled. *Compare Ridgeway, et al. v. Beshear*, No. 20-CI-678, slip op. (Boone Cty. June 15, 2021) *with Beshear v. Osborne, et al.*, No. 21-CI-89 (Franklin Cty. Apr. 7, 2021) (granting conflicting orders).

Accordingly, Governor Beshear is entitled to qualified immunity on the claims for monetary damages and the Court need not reach the merits of the case. *See Skousen v. Brighton High Sch.*, 305 F.3d 520, 525 (6th Cir. 2002) ("Qualified immunity is immunity from suit, and not merely from liability.").

Thus, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 22), be, and is hereby **GRANTED**. A separate judgment shall enter concurrently herewith.

This 5th day of November 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge